**No. 56866.**—John V. Carr & Son *v.* United States, petitions 6829–R and 6830–R (Detroit).

Opinion by MOLLISON, J.   From the testimony it appeared that the wire was sold and invoiced at prices of $4.60 and $4.65 per hundred pounds.   On Friday, September 29, 1950, it was delivered by the seller to a cartage company in Canada for delivery to the importer in the United States, but the cartage company held the merchandise on its trucks, and same did not leave Canada until Monday, October 2.   Effective Sunday, October 1, the seller increased its prices to $5.20 and $5.25 per hundredweight, but since the entrant, a customs broker, and its principal were not apprised of the advance at the time, entry was made at the invoiced value. When subsequent shipments were received at the advanced prices, the error was discovered.   It appeared that at that time it would have been possible to amend the entries, but upon consultation between the customs broker and a customs examiner, it was erroneously believed that amendment was not necessary because the advance in value would not alter the duty applicable to the wire, which was subject to duty on a specific duty basis.   On the record presented it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petitions were therefore granted.

**No. 56867.**—Manufacturers Marketing Company *v.* United States, petition 6838–R (Chicago).

Opinion by MOLLISON, J.   From the testimony it appeared that the petitioner had an agency from the manufacturer for the sale through distributors in the United States of the imported stoves and that the price structure for the sale of the stoves in Canada, as set up by the manufacturer, contained different price levels for sales to wholesalers and for sales to retailers.   Entry was originally made at the price applicable to sales to wholesalers and, upon being advised that appraisal was contemplated at the price applicable to sales to retailers, the entry was amended to equal the contemplated appraised value.   It was then decided to make a test case, and the entry was again amended, reducing the value to that applicable to sales to wholesalers.   Appraisement was made at the higher value, and an appeal for reappraisement was filed, but same was subsequently abandoned because the information received did not support the importer's contention.   Upon the entire record it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as the value of the merchandise.   The petition was therefore granted.